**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-788 |
| | § | C.A. No. C-08-289 |
| PETAR SLAUKO IVIC, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Movant Petar Slauko Ivic's ("Ivic") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 36.).[1] The government filed a response and motion for summary judgment or, in the alternative, for dismissal. (D.E. 41-43.) Ivic's reply was due on January 5, 2009. (D.E. 37; D.E. 41 at 18.) To date, Ivic has not filed a reply. In an order signed February 5, 2009, the Court directed that the Untied States file a supplemental response specifically addressing whether it had investigated Ivic's claims of substantial assistance. The government filed a sealed supplemental response on February 23, 2009 (D.E. 46), which the Court has also considered.

As discussed in detail herein, Ivic's claims are subject to dismissal because he waived his right to file any § 2255 motion. Moreover, to the extent that his two claims can be construed as challenging his plea agreement and thus falling outside the scope of his waiver,

---

[1] Docket entries refer to the criminal case, Cr. No. C-06-788.

1

they fail on their merits. For these reasons, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Ivic a Certificate of Appealability ("COA").

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

**A.   Summary of Offense[2]**

Ivic was arrested in Chicago, Illinois on November 16, 2006, for conspiring to traffic drugs from the Rio Grande Valley, Texas area to Chicago. The arrest stemmed from information provided by a Confidential Source ("CS") after the CS was apprehended on September 27, 2006 at the Falfurrias, Texas Border Patrol checkpoint and marijuana, cocaine and heroin were found in his tractor-trailer.

The CS informed DEA agents that a man he knew as "Pete," later determined to be Ivic, had mentioned transporting marijuana to the CS as a way of making quick and easy money, at some point in the Fall of 2005. On September 8, 2006, Ivic proposed that the CS transport a couple of hundred pounds of marijuana from the "south" to Ivic's truck repair shop in Chicago. Ivic told the CS he would be going south to pick up the load with him, and offered him $20,000 worth of truck repairs as payment for transporting the marijuana. The CS stated that they agreed to meet at the Flying J Truck Stop in Edinburg, Texas on Monday, September 25, 2006.

---

[2] Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 8 of the Presentence Investigation Report ("PSR").

2

In his statement accepting responsibility for the offense, Ivic admitted the basic facts set forth above, and also said that he drove ahead of the tractor trailer as both vehicles headed north toward Chicago. As they approached a Border Patrol Checkpoint at Falfurrias, Ivic stayed immediately in front of the tractor trailer. After he had passed through the checkpoint, he observed that the tractor trailer had been stopped and was being inspected by border patrol agents with canines. He pulled over at a rest area and waited for the CS for 30 minutes. When he did not arrive, Ivic continued on to Chicago alone.

**B.    Criminal Proceedings**

On December 13, 2006, Ivic was charged in a three-count indictment with: (1) conspiracy to possess with intent to distribute approximately 1,274 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) ("Count One"); (2) conspiracy to possess with intent to distribute approximately 704 grams of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) ("Count Two"); and (3) conspiracy to possess with intent to distribute approximately 972 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) ("Count Three"); (D.E. 1.) On March 8, 2007, Ivic pleaded guilty to Count One of the indictment pursuant to a written plea with the government. (D.E. 20; see minute entry dated March 8, 2007. In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend a sentence at the lowest end of the applicable guideline range, to recommend that Ivic receive maximum credit for acceptance of responsibility, and to move for the dismissal of the remaining counts at

sentencing. (D.E. 20 at ¶¶ 1-2.)

Additionally, the plea agreement included a waiver of Ivic's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 20 at ¶ 7 (emphasis in original).) The agreement was signed by both Ivic and his counsel. (D.E. 20 at 5.)

During the rearraignment, the prosecutor outlined Ivic's plea agreement, including the statement that "[Ivic]'s aware that he has rights under Title 28, United States Code, Section 2255, that afford a right to contest or collaterally attack a conviction or sentence after that conviction or sentence has become final. And he waives those rights also." (D.E. 34, Rearraignment Transcript ("R. Tr.") at 14.) After that summary was given, Ivic testified that the plea agreement was his, that he had read it and discussed it with his attorney, that his attorney had explained it to him and he understood it, and that he had signed it. (R. Tr. at 15-16.)

4

The Court specifically questioned Ivic under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights. With regard to Ivic's right to file a § 2255 motion, the Court inquired as follows:

> **THE COURT**: ... You're also giving up your right to file any petition under United States Code that would allow you to modify or vacate your conviction or sentence after they have become final, such as a petition under Title 28 of the United States Code, Section 2255. That's an important right you have, but you are giving up that right as well. Do you understand that?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: Do you want to give up your that right?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: Did you talk with your attorney about whether or not you should give up those rights?
>
> **THE DEFENDANT**: Yes.

(R. Tr. at 18-19.)

Ivic also testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency if he pleaded guilty, that it was his decision to plead guilty and that he was pleading guilty because he was guilty. (R. Tr. at 12-13.) He also testified that no one had promised him what his sentence would be. (R. Tr. at 19.) It is clear from the foregoing that Ivic's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report. (D.E. 19.) The PSR calculated Ivic's base offense level for the offense at 32. (PSR

at ¶ 14.) It gave him a two-level decrease under the safety valve provision, U.S.S.G. ¶ 5C1.2, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 27. (PSR at ¶¶ 19-28.) Coupled with Ivic's criminal history category of I, Ivic's advisory guideline range was 70 to 87 months. (PSR at ¶ 44.)

On August 23, 2007, the Court sentenced Ivic to 84 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 special assessment. (D.E. 29, 30.) Judgment was entered against him on August 28, 2007. (D.E. 30.) Consistent with his waiver of appellate rights, he did not appeal.

Despite his waiver of § 2255 rights, Ivic filed a § 2255 motion. It was received by the Clerk on August 29, 2008 and is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Ivic lists two grounds for relief. First, he claims that the United States failed to "execute its promised 5k1.1 motion," thereby undermining his substantial rights of good faith. He argues that the government's failure to keep its promises "warrants the judicial inquiry." Second, he claims that he was denied effective assistance of counsel because his attorney failed to ensure that the United States filed a 5K1.1 motion prior to sentencing or thereafter.

In its response, the government moves for summary dismissal of Ivic's entire motion on the basis of his waiver of his § 2255 rights. (D.E. 41-43.) It also argues that, even if his motion were properly before the Court, his claims fail. (D.E. 41-43.) As noted, Ivic has not filed a reply. For the reasons set forth herein, Ivic's claims fail.

6

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Ivic has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived the claims he raises in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)**.**

**B.     Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Ivic understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if

7

defendant understood he had a right, and understood he was giving it up). Ivic's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Ivic's waiver was knowing and voluntary.

Ivic's first claim arguably falls outside the scope of his waiver, because it alleges a breach of the plea agreement. See United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). In a similar vein, Ivic's second claim alleges ineffective assistance of counsel at sentencing (which would be barred by his waiver), but the allegations therein are also tied to his claim that the United States breached its plea agreement. That is, Ivic argues that counsel should have ensured that the United States moved for a reduction in his sentence based on substantial assistance. Because both claims could thus arguably be construed as falling outside the scope of his waiver, the Court will also address them on their merits.

## C. Government's Alleged Breach of Plea Agreement

The claim that the government failed to file a motion for downward departure arguably falls outside the scope of Ivic's § 2255 waiver, because it essentially challenges the validity of the plea agreement, or the fairness of enforcing it in the event of an alleged

breach. Even if it were properly before the Court, however, Ivic has not shown that he is entitled to relief on this claim.

As an initial matter, the plea agreement itself makes clear that the government will ask for a downward departure under § 5K1.1 only if Ivic provides "substantial assistance," as determined in the government's discretion. (D.E. 20). Specifically, the agreement states:

> Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. § 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. ***This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance.*** . . . [I]t is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. ***The Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government.***

(D.E. 20 at ¶4 (emphasis added); see also R. Tr. at 13) (testimony of Ivic affirming the government's description of his plea agreement).) Thus, it is clear that it was solely within the government's discretion to determine whether Ivic provided substantial assistance.

At sentencing, the government expressed that it thought a Rule 35 motion based on substantial assistance was a possibility in the future. (D.E. 32, Sentencing Transcript ("S. Tr.") at 24). Specifically, AUSA Booth informed the Court that she was recommending the

9

low end of the guidelines, 70 months, because Ivic was cooperating and that she "anticipate[d] later on possibly filing a Rule 35." (S. Tr. at 24.) Defense counsel asked the Court to consider a reduction under 5K1.1, even absent a motion from the United States. (Id.) In sentencing Ivic, the Court indicated that he believed that an upward departure would be warranted in this case, but declined to give an upward departure, instead sentencing him to 84 months. The Court further stated "In the event that the defendant is able to earn, earn a Rule 35, the United States can make it, but until that time, I think that no consideration is due you." (S. Tr. at 9.)

The government's supplemental response to Ivic's § 2255 motion indicates that it does not believe Ivic has given assistance that is substantial at this time. For that reason, it does not at this time intend to make a Rule 35 motion for a reduction in his sentence.

Ivic argues that he is entitled to a reduction in his sentence for substantial assistance. But the plain language of the plea agreement, coupled with the government's supplemental response in this case, make plain that he did not offer substantial assistance in the view of the government. Notably, where the government has elected not to file a motion based on substantial assistance, the Court may only assess whether the government relied upon an unconstitutional motive (such as race of religion) in refusing to file the motion or bargained away its discretion to do so. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Garcia-Bonilla, 11 F.3d 45, 46-47 (5th Cir. 1993). In this case, it is clear from the portions of Ivic's written plea agreement quoted supra at page 2 that the government has sole discretion as to whether or not to file such a motion. See Garcia-Bonilla, 11 F.3d at 47

(language in plea agreement that government retained "sole discretion" as to whether to file precluded defendant's argument that the government bargained away its discretion); see also United States v. Price, 95 F.3d 364, 367-68 & nn.2-3 (5th Cir. 1996) (collecting cases where language of plea agreement indicated surrender of discretion and cases where plea agreement retained sole discretion).

Ivic has not shown that the government bargained away that discretion, nor has he alleged that the government relied upon an unconstitutional motive in refusing to file a motion for downward departure. Instead, it is apparent that the government's decision was based on the legitimate consideration that Ivic has not given information that has led to the prosecution or conviction of any individual, nor has he testified at any trial. Without evidence of an unconstitutional motive, the government's decision not to file is unreviewable by this Court. See Wade, 504 U.S. at 185-86. No breach of the plea agreement has been shown. Ivic's first claim is thus denied.

**D.     Ineffective Assistance of Counsel**

Ivic's second claim is that his counsel was constitutionally ineffective because he failed to ensure that the United States filed a substantial assistance motion. An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's

performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997)("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted supra, the Court does not find that any breach occurred. Accordingly, counsel was not ineffective for failing to challenge the alleged breach. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Ivic's second claim thus fails, too.

**E.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ivic has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether

the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Ivic has not met the above standards so as to entitle him to a COA. For all of the reasons set forth herein, the record in this case plainly establishes that Ivic is not entitled to

relief. Jurists of reason would not debate this. Accordingly, Ivic is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, Ivic's motion under 28 U.S.C. § 2255 (D.E. 36) is DISMISSED WITH PREJUDICE. The Court also DENIES Ivic a Certificate of Appealability.

It is so ORDERED this 25th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE